UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION No.

| | |
|---|---|
| THOMAS BOROWSKI, as EXECUTOR of the ESTATE of WALTER BOROWSKI, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant )<br>) | **COMPLAINT** |

## PARTIES

1. The Plaintiff, Thomas Borowski ("Plaintiff"), is a citizen of the State of New Hampshire and a resident of Derry, County of Rockingham, Massachusetts.

2. The Plaintiff is the duly appointed Executor of the Estate of Walter Borowski, his late father ("Plaintiff's decedent").

3. The Defendant, United States of America ("Defendant"), is a sovereign nation and an entity with the legal capacity to sue and be sued.

4. At all times material hereto, the Plaintiff's decedent received medical care and treatment at the Veterans Administration Medical Center ("VAMC") in Manchester, County of Hillsborough, New Hampshire, a hospital run by the United States Department of Veterans Affairs, a duly formed federal agency of the Defendant, administered, managed, funded, and controlled by the Defendant, by and through its agents, servants, employees, and/or representatives.

5. At all times material hereto, the Plaintiff's decedent's treatment providers and caregivers were agents, servants, employees, and/or representatives of the Defendant, and working within the course and scope of their employment and in the furtherance of the legitimate interests of the Defendant and the VAMC.

## JURISDICTION

6. Jurisdiction lies with this Court pursuant to the provisions of Title 28, Chapter 1346(b), Sections 2671-2680 of the United States Code, the "Federal Tort Claims Act," and Title 28, Chapter 1402(b) of the United States Code.

7. The Plaintiff has complied with all of the jurisdictional *anti litem* pre-conditions, including statutory, regulatory, and administrative remedies and requirements, precedent to filing suit, including, without limitation, Title 28, Chapters 2675, 2401(b) of the United States Code.

8. The Plaintiff's requisite administrative complaint has been duly and timely presented and a final denial has been issued.

## GENERAL ALLEGATIONS

9. For several years before 2006, the Plaintiff's decedent, a decorated World War II combat veteran, was under the Defendant's medical care and treatment, by and through the VAMC's health care provider employees.

10. On or about April 4, 2006, the Plaintiff's decedent was under the Defendant's medical care and treatment when the Plaintiff's decedent presented to the VAMC Emergency Department for evaluation of recent symptoms.

11. At that April 2, 2006 hospital visit, the Plaintiff's decedent came under the care and treatment of Gary Lamphere, M.D.

12. At all times material hereto, Dr. Lamphere was a physician licensed to practice medicine by and within the State of New Hampshire, and specializing in Emergency Medicine.

13. At all times material hereto, Dr. Lamphere was an agent, servant, employee, and/or representative of the Defendant and the VAMC.

14. At that April 2, 2006 certain of the Plaintiff's decedent's renal function tests were recorded as being elevated beyond the acceptable range, a finding of which Dr. Lamphere knew or in compliance with the requisite standard of care reasonably should have known.

15. On or about September 30, 2009, the Plaintiff's decedent was under the care and treatment of Victor Gordan, M.D., his primary care physician at the VAMC.

16. At that September 30, 2009 visit, the Plaintiff's decedent complained to Dr. Gordan of difficulty in, and increased frequency of urination.

17. At all times material hereto, Dr. Gordan was a physician licensed to practice medicine by and within the State of New Hampshire, and Board-certified and specializing in Internal Medicine.

18. At all times material hereto, Dr. Gordan was an agent, servant, employee, and/or representative of the Defendant and the VAMC.

19. Despite several visits to the VAMC between April 2006 and October 2009, at no time while under the care and treatment of Drs. Lamphere and Gordan and other health care providers at the VAMC was any further testing or intervention ordered or performed by VAMC, by and through its health care providers to investigate or explain the Plaintiff's decedent's elevated renal function tests and urinary symptoms.

20. On or about October 11, 2009, the Plaintiff's decedent was diagnosed at an outside community hospital with end-stage renal disease.

21. In or around May 2010, Andrew Breuder, M.D., the Chief of Staff at the VAMC, admitted that the care and treatment provided to the Plaintiff's decedent concerning the renal pathology "did not meet the standard of care in any sense of the word."

22. Dr Breuder further admitted that it would be impossible to defend the care received by the Plaintiff's decedent concerning the renal pathology.

23. Dr. Breuder further admitted that had proper testing been timely performed, the renal pathology might have been identified sooner and that remediation might have successfully slowed or reversed the course of the disease.

24. At all times material hereto, Dr. Breuder was a physician licensed to practice medicine by and within the State of New Hampshire.

25. At all times material hereto, Dr. Lamphere was an agent, servant, employee, and/or representative of the Defendant and the VAMC.

26. As a result of his terminal diagnosis, the Plaintiff's decedent was required to undergo thrice weekly hemodialysis treatments for the remainder of his life, along with additional reasonable and necessary care and treatment.

27. The Plaintiff's decedent died on June 19, 2010.

28. As a direct and proximate result of the foregoing, the Plaintiff was caused to incur fair reasonable and reasonable medical bills in excess of $575,000.00, and to suffer other compensable losses, including, without limitation, pain and suffering, loss of enjoyment of life.

## **COUNT I — NEGLIGENCE**

29. The Plaintiff incorporates herein by reference each of the foregoing Paragraphs.

30. At all times material hereto, the Defendant, by and through one or more of its agents, servants, employees, and/or representatives, owed to the Plaintiff's decedent the duty to use that degree of skill and care expected of the average qualified physician and other health care providers practicing each provider's specialty, taking into account advances in the profession and materials available to each provider, and to conform to good medical and health care practice.

31. The Defendant, by its acts and/or omissions, by and through one or more of its agents, servants, employees, and/or representatives fell below the requisite standard of care and did not conform to good medical and health care practice, thereby breaching the duty of care owed by the Defendant to the Plaintiff's decedent, in one or more of the following ways:

    a. misrepresenting to the Plaintiff's decedent that the Defendant, by and through one or more of its agents, servants, employees, and/or representatives, was knowledgeable, skillful, and competent to diagnose, assess, and/or treat the Plaintiff's decedent;

    b. failing to timely, adequately, and properly diagnose, assess, and/or treat the Plaintiff's decedent's medical condition;

    c. failing to timely recognize the Defendant's inability and/or lack of skill to diagnose, assess, and/or treat the Plaintiff's decedent's medical condition;

    d. failing to timely appreciate the nature, extent, and potential ramifications of the Plaintiff's decedent's medical condition and/or to timely respond thereto;

    e. failing to timely inform and warn the Plaintiff's decedent of the risks involved in, or associated with, the Plaintiff's decedent's medical condition and failing to timely inform and warn the Plaintiff's decedent of the risks involved in, or associated with, the treatment of the Plaintiff's decedent's medical condition;

    f. failing to timely refer the Plaintiff's decedent to another physician with the requisite training, knowledge, skill, and competence to timely, adequately, and properly diagnose, assess, and/or treat the Plaintiff's decedent's medical condition; and

    g. all other ways that are not now known to the Plaintiff but that might be discovered as the case progresses.

32. As a direct and proximate result of the Defendant's breach of the requisite duty of care, the Plaintiff's decedent suffered foreseeable bodily injuries and damages, including, without limitation, the pain, suffering, loss of enjoyment of life, and additional expense of undergoing otherwise unnecessary surgical procedures, and the attendant risks thereof, along with other compensable losses.

33. The Plaintiff is entitled to compensation from the Defendant for all of the Plaintiff's decedent's foreseeable negligence-related injuries and damages.

**WHEREFORE**, the Plaintiff demands judgment as against the Defendant in full, fair, and adequate amount to fully compensate the Plaintiff for all of the Plaintiff decedent's negligence-related losses, together with interest and costs.

Respectfully submitted,

The Plaintiff,
By his Attorneys,

LENNON LAW OFFICES

_____
Michael T. Lennon
Mass. Bar No. 648186
One State Street
Suite 1500
Boston, MA 02109
(617) 263-0001
mtl@lennonlawoffices.com

Dated: January 27, 2012